**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

CHEYENNE SHONGO, et al.,

     Plaintiffs,

         v.

CSX TRANSPORTATION, INC.,

     Defendant.

Case No. 1:22-cv-02684-RDB

**CSX TRANSPORTATION, INC.'S**
**ANSWER TO CLASS ACTION COMPLAINT**

Defendant CSX Transportation, Inc. ("CSX") hereby answers and responds as follows to Plaintiffs' Class Action Complaint (ECF 1, the "Complaint"). Pursuant to Fed. R. Civ. P. 8(b), all allegations in the Complaint not expressly admitted in this Answer are hereby denied, and all allegations in the Complaint to which no response is required shall be deemed to be denied.

**AS TO "JURISDICTION"[1]**

    1.    The allegations in Paragraph 1 state legal conclusions to which no response is required.

    2.    The allegations in Paragraph 2 state legal conclusions to which no response is required.

    3.    The allegations in Paragraph 3 state legal conclusions to which no response is required.

---

[1] The headings from the Complaint are retained for reference only, without admission by CSX.

**AS TO "PARTIES"**

4.      CSX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and, on that basis, denies them.

5.      CSX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and, on that basis, denies them.

6.      CSX admits the allegations in the first sentence of Paragraph 6.  The allegations in the second sentence of Paragraph 6 state legal conclusions to which no response is required.

**AS TO "FACTS COMMON TO ALL CLAIMS"**

7.      CSX admits the allegations in Paragraph 7.

8.      CSX admits the allegations in Paragraph 8.

9.      CSX admits the allegations in Paragraph 9.

10.     CSX admits the allegations in Paragraph 10.

11.     CSX admits the allegations in Paragraph 11.

12.     CSX admits the allegations in Paragraph 12.

13.     CSX admits the allegations in Paragraph 13.

14.     CSX admits the allegations in Paragraph 14.

15.     CSX admits the allegations in Paragraph 15.

16.     CSX admits the allegations in Paragraph 16.

17.     CSX admits the allegations in Paragraph 17.

18.     CSX admits the allegations in Paragraph 18.

19.     CSX admits to the existence of video footage from both on- and off-site sources of the December 30, 2021 incident at the Curtis Bay Piers facility.  CSX denies the remaining allegations in Paragraph 19.

20.     CSX admits the allegations in Paragraph 20.

21.     CSX admits the allegations in Paragraph 21.

22.     CSX admits the allegations in Paragraph 22.

23.     CSX admits that combustion and blast pressures increased along the tunnel's length, resulting in the visible plume that exited the south surface entrance, and denies the remaining allegations in Paragraph 23.

24.     CSX denies the allegations in Paragraph 24.

25.     CSX denies the allegations in Paragraph 25.

26.     CSX denies the allegations in Paragraph 26.

27.     CSX denies the allegations in Paragraph 27.

## AS TO "CLASS ACTION ALLEGATIONS"

28.     CSX admits that Plaintiffs purport to bring a class action pursuant to Federal Rule of Civil Procedure 23, but denies that this action may or should be maintained or properly prosecuted as a class action, denies that the putative class may be certified, and further denies that any class may or should be certified in this action.

29.     CSX admits that Plaintiffs have provided a graphic depicting a proposed "class area," but denies that the proposed class definition is proper, and further denies that this action may or should be maintained or properly prosecuted as a class action.

30.     CSX admits that Plaintiffs purport to exclude certain individuals from their proposed class, but denies that the proposed class definition is proper, and further denies that this action may or should be maintained or properly prosecuted as a class action.

31.     The first sentence of Paragraph 31 states legal conclusions to which no response is required.  CSX lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' knowledge in the second sentence of Paragraph 31, and, on that basis, denies them.  CSX admits that the "exact number of members" of the proposed class "can

only be ascertained through appropriate discovery."  The third sentence of Paragraph 31 states legal conclusions to which no response is required but which, to the extent a response is required, CSX denies.  CSX denies the allegation regarding the content of its business records in the third sentence.

32.     CSX admits that, to the extent they occurred, the alleged injuries arise from the "same conduct, practice and procedure on the part of Defendant" and denies the remaining allegations in Paragraph 32, further denies that this action may or should be maintained or properly prosecuted as a class action, and further denies any liability to the Plaintiffs or putative class members.

33.     CSX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and, on that basis, denies them.

34.     The allegations in Paragraph 34 state legal conclusions to which no response is required.  To the extent a response is required, CSX denies the allegations in Paragraph 34, and further denies that this action may or should be maintained or properly prosecuted as a class action.

35.     CSX admits that "how the explosion occurred," "the cause of the explosion," and "whether [CSX] negligently caused the explosion" are issues of law and fact common to the proposed Class.  CSX otherwise denies the allegations in Paragraph 35; denies that, as a general matter, issues of law and fact common to members of the Class predominate over any questions that may affect only individual members; denies that this action may or should be maintained or properly prosecuted as a class action; and further denies any liability to the Plaintiffs or putative class members.

36.     The allegations in Paragraph 36 state legal conclusions to which no response is required.  To the extent a response is required, CSX denies the allegations in Paragraph 36, and further denies that this action may or should be maintained or properly prosecuted as a class action.

37.     CSX admits that Plaintiffs purport to seek a medical monitoring fund pursuant to Federal Rule of Civil Procedure 23(b)(2).  The remainder of the allegations in Paragraph 37 state legal conclusions to which no response is required.  To the extent a response is required, CSX denies the allegations in Paragraph 37, and further denies that Plaintiffs, or any putative class members, are entitled to medical monitoring.

38.     Insofar as any response is required to Paragraph 38, CSX admits that Plaintiffs purport to reserve certain rights, and denies that this action may or should be maintained or properly prosecuted as a class action, and further denies that any putative class may or should be certified in this action.

## AS TO "CAUSES OF ACTION"

39.     Insofar as any response is required, CSX admits that Plaintiffs purport to bring various causes of action, and denies that Plaintiffs, or any putative class, are entitled to any favorable judgment or relief under any of the causes of action contained in the Complaint.

## AS TO "NEGLIGENCE"

40.     CSX's answers to the preceding paragraphs are incorporated by reference herein.

41.     The allegations in Paragraph 41 state legal conclusions to which no response is required.

42.     CSX denies the allegations in Paragraph 42.

43.     CSX denies the allegations in Paragraph 43.

44.     CSX denies the allegations in Paragraph 44.

45.     CSX denies the allegations in Paragraph 45.

46.     CSX denies the allegations in Paragraph 46.

## AS TO "TRESPASS"

47.     CSX's answers to the preceding paragraphs are incorporated by reference herein.

48.     CSX denies the allegations in Paragraph 48.

49.     CSX denies the allegations in Paragraph 49.

50.     CSX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50, and, on that basis, denies them.

51.     CSX denies the allegations in Paragraph 51.

52.     The allegations in Paragraph 52 state legal conclusions to which no response is required.  To the extent a response is required, CSX denies the allegations in Paragraph 52.

## AS TO "PRIVATE NUISANCE"

53.     CSX's answers to the preceding paragraphs are incorporated by reference herein.

54.     CSX lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and, on that basis, denies them.

55.     CSX denies the allegations in Paragraph 55.

56.     CSX denies the allegations in Paragraph 56.

57.     The allegations in Paragraph 57 state legal conclusions to which no response is required.  To the extent a response is required, CSX denies the allegations in Paragraph 57.

58.     CSX denies the allegations in Paragraph 58.

## AS TO "STRICT LIABILITY – ABNORMALLY DANGEROUS ACTIVITY"

59.     CSX's answers to the preceding paragraphs are incorporated by reference herein.

60.     CSX admits the allegations in Paragraph 61.

61.     CSX denies the allegations in Paragraph 61.

62.     The allegations in Paragraph 62 state legal conclusions to which no response is required.  To the extent a response is required, CSX denies the allegations in Paragraph 62.

63.     The allegations in Paragraph 63 state legal conclusions to which no response is required.  To the extent a response is required, CSX denies the allegations in Paragraph 63.

64.     The allegations in Paragraph 64 state legal conclusions to which no response is required.  To the extent a response is required, CSX denies the allegations in Paragraph 64.

65.     The allegations in Paragraph 65 state legal conclusions to which no response is required.  To the extent a response is required, CSX denies the allegations in Paragraph 65.

66.     The allegations in Paragraph 66 state legal conclusions to which no response is required.  To the extent a response is required, CSX denies the allegations in Paragraph 66.

67.     The allegations in Paragraph 67 state legal conclusions to which no response is required.  To the extent a response is required, CSX denies the allegations in Paragraph 67.

68.     The allegations in Paragraph 68 state legal conclusions to which no response is required.  To the extent a response is required, CSX denies the allegations in Paragraph 68.

## AS TO "DAMAGES AND PRAYER FOR RELIEF"

69.     CSX's answers to the preceding paragraphs are incorporated by reference herein.

70.     CSX denies the allegations in Paragraph 70.

71.     CSX denies the allegations in Paragraph 71.

72.     CSX denies the allegations in Paragraph 72, and further specifically denies that Plaintiffs, or any putative class members, are entitled to medical monitoring.

73.     CSX admits that Plaintiffs purport to seek various relief specified in Paragraph 73, but denies that Plaintiffs, or any putative class, are entitled to any of the relief requested or to any other relief.

## AFFIRMATIVE DEFENSES

CSX asserts the following affirmative and other defenses.  In asserting these defenses, CSX does not assume the burden of proof or the burden of persuasion with respect to any issue as to which applicable law places the burden of proof or persuasion upon Plaintiffs.  In addition, CSX specifically and expressly reserves the right to amend this Answer to add, delete, and/or modify

defenses based upon legal theories, facts and circumstances that may or will be discovered and/or further legal analysis of Plaintiffs' position in this litigation.

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      CSX's alleged actions or omissions in the Complaint were not the cause in fact, but-for cause, proximate cause, legally cognizable cause, or substantial factor in producing any alleged injury to Plaintiffs or the putative class members.

3.      CSX did not intrude on the possessory interest in property of the Plaintiffs or the putative class members.

4.      CSX did not unreasonably or substantially interfere with Plaintiffs' or putative class members' use or enjoyment of their respective properties.

5.      The social utility of CSX's actions and operations outweighs any unreasonable or substantial interference with Plaintiffs' or the putative class members' use or enjoyment of their properties.

6.      CSX has acquired by prescription the right to maintain any private nuisance.

7.      CSX's activities are not abnormally dangerous.

8.      CSX's activities are exempt from strict liability under the common carrier exception.

9.      Plaintiffs' claims, and the claims of the putative class members, are barred, in whole or in part, on the grounds of contributory negligence and/or fault of third parties, assumption of the risk, minimization of damages, and avoidable consequences, and the equitable doctrines of unjust enrichment, waiver, estoppel, and/or unclean hands.

10.     Plaintiffs' claims, and the claims of the putative class members, are barred, in whole or in part, to the extent they were released in settlements or other agreements.

11.     Plaintiffs' claims, and the claims of the putative class members, are barred, in whole or in part, to the extent that any injury or damage they allegedly suffered has already been redressed.

12.     Plaintiffs' claims, and the claims of the putative class members, are barred, in whole or in part, to the extent that Plaintiffs and the putative class members lack standing under Article III of the United States Constitution.

13.     This action may not be maintained as a class action because one or more of the requirements for a class action are not met under Federal Rule of Civil Procedure 23.  Moreover, Plaintiffs' claims cannot be properly joined with the claims of any potential class members because Plaintiffs' claims involve highly individualized facts and circumstances, and Plaintiffs' alleged claims cannot be certified for class-wide adjudication under Federal Rule of Civil Procedure 23 to the extent that such adjudication would enlarge, modify, or abridge any substantive right placed at issue in this case, in violation of the Rules Enabling Act, 28 U.S.C. § 2072.

14.     As a matter of constitutional right and substantive due process, CSX would be entitled to contest, in whole or in part, its liability for damages to any particular individual plaintiff, even if the representatives of the purported plaintiff class prevail on their claims.  Trying this case as a class action would violate the United States Constitution.

15.     Plaintiffs' claims, and the claims of the putative class members, are barred, in whole or in part, to the extent that Plaintiffs and/or putative class members have not suffered any cognizable injury or damages as a result of any act, conduct, or omission by CSX.

16.     Plaintiffs' claims, and the claims of the putative class members, are barred, in whole or in part, because the damages sought are speculative, remote, and impossible to ascertain.

17.     Plaintiffs' claims for injunctive and other equitable relief are barred, in whole or in part, on the ground that they cannot satisfy the requirements for such relief, including, but not limited to, the availability of a legal remedy.

18.     Plaintiffs' claims for medical monitoring, for themselves and the putative class members, are barred, in whole or in part, because medical monitoring may not permissibly be awarded in the present action.

19.     Plaintiffs' claims, and the claims of the putative class members, are preempted, in whole or in part, by the Interstate Commerce Commission Termination Act, 49 U.S.C. § 10501.

## PRAYER

**WHEREFORE**, CSX respectfully requests that the Court:

1.      Dismiss Plaintiffs' claims with prejudice;

2.      Deny certification of Plaintiffs' putative class, or any other putative class;

3.      Deny Plaintiffs' prayers for relief; and

4.      Award CSX such other relief as the Court may deem appropriate.

Dated: July 7, 2022                                    Respectfully submitted,

**GIBSON, DUNN & CRUTCHER LLP**

By: *Thomas H. Dupree, Jr.*
Thomas H. Dupree, Jr. (*pro hac vice*)
Michael K. Murphy (*pro hac vice*)
Clare F. Steinberg (Bar No. 20022)
Alexander T. Boudreau (Bar No. 30304)

1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-5306
Telephone:  202.955.8500
Facsimile:  202.467.0539
TDupree@gibsondunn.com
MMurphy@gibsondunn.com
CSteinberg@gibsondunn.com
ABoudreau@gibsondunn.com

*Attorneys for Defendant*

10

**<u>CERTIFICATE OF SERVICE</u>**

I, Thomas H. Dupree, Jr., hereby certify that on July 7, 2023, I electronically filed the foregoing with the Clerk of the Court of the United States District Court for the District of Maryland by using the CM/ECF system.  All participants are registered CM/ECF users, and will be served by the CM/ECF system.


<u>*/s/ Thomas H. Dupree, Jr.*</u>
Thomas H. Dupree, Jr.