**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division**

| | |
|---|---|
| **CHEYENNE SHONGO, et al,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **CSX TRANSPORTATION, INC.,** <br><br> **Defendant.** | Case No.: 1:22-cv-02684-MJM |

## PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT

Plaintiffs Cheyenne Shongo and Kennett Walker (collectively, "Named Plaintiffs"), by and through undersigned counsel, submit this Motion for Final Approval of Class Settlement, final appointment of Plaintiffs as class representatives and their counsel as class counsel affirming the Court's Order of Preliminary Approval, certification of the class for settlement only, Final Approval of the Class Settlement pursuant to Federal Rule of Civil Procedure 23, and move for final approval of the submitted Proposed Class Action Settlement. As more fully set out in the accompanying Memorandum in support of this Motion, Plaintiffs move for an Order THAT:

1. Certifies the class depicted in the image below and defined as



**All Persons either (a) residing (as their primary residence) on December 30, 2021, or (b) owning residential real property on or since December 30, 2021, in**

**the area identified on the "Class Area" map above and narratively defined as follows:**

**Beginning at the intersection of W. Bay Ave. and E. Patapsco Ave., extending southeast to the intersection of E. Patapsco Ave. and Curtis Ave., then extending south along Curtis Ave. until its intersection with railroad tracks (located at approximately 39.216431, -71.586-087), then southwest to the intersection of Branch Ave. and Arundel Blvd., then northwest to the intersection of W. Bay Avenue and Church Street, then north along W. Bay Ave. to the intersection of W. Bay Ave. and E. Patapsco Ave., all within the City of Baltimore, Maryland.**

**The Class Area includes properties immediately abutting the boundary lines described above, including, for example, on the north side of E. Patapsco Ave. between West Bay Ave. and Curtis Ave.**

2. Enters final approval of the settlement preliminarily approved by this Court on May 20, 2024; and entry of final judgment and dismissal with prejudice of Plaintiffs' and Settlement Class Members' claims against Released Persons (as that term is defined in the Class Settlement Agreement and General Release).

3. The Settlement Class Representatives and Settlement Class Counsel fairly and adequately represent the interests of the Settlement Class Members in connection with the Settlement Agreement.

4. The Court has subject-matter jurisdiction over the subject matter of the Action, and personal jurisdiction over the Plaintiffs, the Settlement Class Members, and Defendant.

5. The Settlement Agreement has been filed with the Court and made available to Settlement Class Members through the website maintained by the Settlement Administrator.

6. The Settlement Class Representatives and Settlement Class Counsel fairly and adequately represent the interests of the Settlement Class Members in connection with the Settlement Agreement.

7. The Settlement Agreement is the product of good-faith, arm's-length negotiations by the Plaintiffs, Settlement Class Counsel, and Defendant and their counsel, and the

representatives of the Plaintiffs and Defendant were represented by capable and experienced counsel. In addition, the Court finds that approval of the Agreement and the proposed Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice. Further, the Court finds that the Agreement is the product of extensive litigation discovery and motion practice that has effectively informed the litigants of the strengths and weaknesses of their respective litigation positions.

8. The form, content, and method of dissemination of the notice given to potential members of the Settlement Class, including both published notice and individual notice via direct mail to all potential members of the Settlement Class who could be identified through reasonable effort, were adequate and reasonable and constituted the best notice practicable under the circumstances.

9. The Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class Members, and is approved in all respects, and the parties are directed to perform and satisfy the terms and conditions of the Settlement Agreement.

10. Settlement Class Members have been permitted to make claims for the benefits described in the Settlement Agreement, subject to the conditions and limitations stated herein.

11. The certification of the Settlement Class, under Rules 23(b)(3) and 23(e), solely for settlement purposes, is hereby confirmed. The Court reaffirms its appointments of Settlement Class Counsel, Settlement Class Representatives, and the Settlement Administrator as set out in the Preliminary Approval Order.

12. The notice, as given, complied with the requirements of Rule 23, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth therein.

13. The notice process provided for a fair and reasonable process for those Class Members who do not wish to participate in the class settlement to exclude themselves (or "opt-out"). No persons have opted out of the class settlement.

14. After this Order and Judgment has become Final, and all periods for appeal or request for review have either expired or have been resolved (hereafter "the Final Judgment Date"), Defendants and the Released Entities (as that term is defined in the Settlement Agreement) shall be released from any and all actions, causes of actions, claims, demands that have been or could have been asserted in any form by Class Members, including but not limited to, claims based on statutory or regulatory violations, tort (excluding personal injury and wrongful death), contract, common law causes of action, and any claims for damages (including any compensatory damages, special damages, consequential damages, punitive damages, statutory fines or penalties, attorneys' fees, costs and any equitable relief), direct or indirect, whether or not currently unknown, arising out of, based upon or related in any way to the allegations set forth in the Class Action Complaint (ECF No. 1).

15. Upon the Final Judgment Date, all Settlement Class Members (whether or not they file a claim) shall be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims.

16. The expenses of administering the Settlement Agreement shall be paid to the Settlement Administrator in the manner set forth in the Settlement Agreement and in the amount of $38,113.00. Defendants shall have no liability for any fees or costs incurred by the Settlement Administrator or Settlement Class Counsel except as specifically set out in the Settlement Agreement.

17. Incentive awards to the Settlement Class Representatives in the following amount $5,000 each to the filing Plaintiffs Cheyenne Shongo and Kennett Walker are reasonable and are approved. These monies will be paid from the Settlement Fund in the manner set forth in the Settlement Agreement.

18. Attorneys' fees, costs and expenses for Settlement Class Counsel in the following amount $550,000.00 in attorneys' fees and $40,789.39 in costs are reasonable and are approved. These monies will be paid from the Settlement Fund in the manner set forth in the Settlement Agreement.

19. Any dispute concerning the aggregate amount or allocation of Settlement Class Counsel's attorneys' fees and expense award shall be a separate and severable matter from all other matters in this Final Judgment and from the finality and fairness of the Agreement with the Settlement Class Members. Any appeal of the Settlement Class Counsel attorneys' fees and expense award shall be severed from this final judgment and shall not affect the finality of this judgment as to the settlement and release of the Settlement Class Members' claims against the Released Parties.

20. Each Class Member who has submitted a timely and complete Claim and Release Form to the Settlement Administrator shall be paid the amount determined by the Settlement Administrator to be awarded to that Class Member in accordance with the terms of the Settlement Agreement.

21. Additionally, twenty-seven (27) claims that were post-marked or filed online subsequent to July 18, 2024, but prior to August 21, 2024, and validated by the Claims Administrator as claims entitled to the approved relief provided in the class, are finally approved as valid, timely claims for which payment will be made pursuant to the Settlement Agreement.

22. Without in any way affecting the finality of this Final Judgment, the Court hereby reserves its exclusive, general, and continuing jurisdiction over the parties to the Settlement Agreement, including Defendants, all Settlement Class Members, and the Released Entities, as needed or appropriate in order to administer, supervise, implement, interpret, or enforce the Settlement Agreement in accordance with its terms, including the investment, conservation, protection of settlement funds prior to distribution, and distribution of settlement funds.

23. This Order is a Final Judgment, and is in all respects a final, appealable order, and represents res judicata with respect to the Released Claims of the Settlement Class Members.

24. Except as expressly stated otherwise in this Order, the Preliminary Approval Order, or the Settlement Agreement, all costs shall be borne by the party incurring them.

Respectfully submitted,

*/s/ Jonathan Nace*
**Nidel & Nace, P.L.L.C.**
Jonathan Nace, Esquire
Bar Number: 18246
Zachary Kelsay
Bar Number: 30460
One Church Street
Suite 802
Rockville, MD 20850
Telephone:(202) 780-5153
jon@nidellaw.com
zach@nidellaw.com

*Attorneys for the Named Plaintiffs
and the Class*

# CERTIFICATE OF SERVICE

This is to certify that on this 23rd day of August 2024, I caused a copy of the foregoing to be served upon all parties and the Court via ECF service.

A copy was also caused to be made available on the Class Settlement Website at https://www.curtisbaysettlement.com/.

/s/ Jonathan Nace
Jonathan Nace, Esquire
Bar Number: 18246