IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| CHEYENNE SHONGO, et al, <br><br> Plaintiffs, <br><br> v. <br><br> CSX TRANSPORTATION, INC., <br><br> Defendant. | Case No.: 1:22-cv-02684-MJM |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

On this 11th day of SEPTEMBER, 2024, the Court considered the Plaintiffs' Unopposed Brief in Support of Final Approval of Class Action Settlement ("Unopposed Motion for Final Approval") and Class Counsel's Motion in Support of Award of Costs and Fees ("Fee Application"). The Court also considered all objections filed, whether withdrawn or not, in the context of considering the Unopposed Motion for Final Approval and the Fee Application and note that none were filed.

The Unopposed Motion for Final Approval requests (a) certification of the class for settlement purposes only; (b) final approval of the settlement preliminarily approved by this Court on May 20, 2024; and (c) entry of final judgment and dismissal with prejudice of Plaintiffs' and Settlement Class Members' claims against Released Persons (as that term is defined in the Class Settlement Agreement and General Release). Settlement Class Members and Settlement Class Counsel have requested approval of Class Counsel's Fee Application, which includes Settlement Class Representatives' fee award request.

WHEREAS, Plaintiffs and Defendants in the above-captioned class action (the "Action") entered into a Class Action Settlement Agreement (the "Settlement Agreement"), as of April 2, 2024,

1

(terms capitalized herein and not otherwise defined shall have the meanings ascribed to them in the Settlement Agreement);

WHEREAS, Plaintiffs in the Action moved under Rule 23(e) for an order preliminarily approving the proposed settlement of the Settlement Class Members' claims in accordance with the Settlement Agreement and approving the form and plan of notice as set forth in the Settlement Agreement;

WHEREAS, in its Preliminary Approval Order, the Court provisionally ordered that this Action may be settled as a class action on behalf of the following settlement class:



All Persons either (a) residing (as their primary residence) on December 30, 2021, or (b) owning residential real property on or since December 30, 2021, in the area identified on the "Class Area" map above and narratively defined as follows:

Beginning at the intersection of W. Bay Ave. and E. Patapsco Ave., extending southeast to the intersection of E. Patapsco Ave. and Curtis Ave., then extending south along Curtis Ave. until its intersection with railroad tracks (located at approximately 39.216431, -71.586-087), then southwest to the intersection of Branch Ave. and Arundel Blvd., then northwest to the intersection of W. Bay Avenue and Church Street, then north along W. Bay Ave. to the intersection of W. Bay Ave. and E. Patapsco Ave., all within the City of Baltimore, Maryland.

The Class Area includes properties immediately abutting the boundary lines described above, including, for example, on the north side of E. Patapsco Ave. between West Bay Ave. and Curtis Ave.

WHEREAS, the Preliminary Approval Order also approved the forms of notice of the Settlement to potential members of the Settlement Class and directed that appropriate notice of the Settlement be given to potential members of the Settlement Class;

WHEREAS, in accordance with the Settlement Agreement and the Preliminary Approval Order: (1) the Settlement Administrator caused to be mailed to potential members of the Settlement Class the Notice of Proposed Class Action Settlement ("Mail Notice") on June 3, 2024, caused to be published the Notice of Proposed Class Action Settlement ("Publication Notice"), and published a copy of the Notice on a website maintained by the Claims Administrator; (2) a declaration of mailing the Mail Notice and publication of the Publication Notice was filed with the Court prior to this hearing; and (3) the declaration of mailing the Mail Notice and publication of the Publication Notice filed with this Court demonstrates compliance with the Preliminary Approval Order with respect to the Mail Notice and the Publication Notice and, further, that the best notice practicable under the circumstances was, in fact, given;

WHEREAS, on September 11, 2024, this Court held a hearing on whether (1) the Settlement Agreement is fair, reasonable, adequate and in the best interests of the Settlement Class Members, and (2) the Settlement Class Counsel's application for attorneys' fees and expenses and Class Representatives' incentive awards are fair and reasonable (the "Final Approval Hearing");

WHEREAS, all Settlement Class Members had the absolute right to opt out and pursue an individual lawsuit against the Released Persons and zero (0) chose to opt out;

WHEREAS, any Settlement Class Member who failed to request exclusion under the terms set forth in the notice campaign voluntarily waived the right to pursue an independent remedy against the Released Entities;

3

WHEREAS, the notice campaign advised Settlement Class Members of the method by which they could properly file objections and request to be heard at the Final Approval Hearing and none filed objections; and

WHEREAS, based upon the foregoing, having heard the statements of counsel for the Parties and of such persons as chose to appear at the Final Approval Hearing; having considered all of the files, records, and proceedings in the Action, the benefits to the Settlement Class Members under the Settlement Agreement, and the risks, complexity, expense, and probable duration of further litigation; and being fully advised in the premises,

IT IS HEREBY ORDERED AND ADJUDGED THAT:

1. The Court has subject-matter jurisdiction over the subject matter of the Action, and personal jurisdiction over the Plaintiffs, the Settlement Class Members, and Defendants.

2. The Settlement Agreement has been filed with the Court and made available to Settlement Class Members through the website maintained by the Settlement Administrator. The Settlement Agreement is incorporated herein by reference.

3. The Settlement Class Representatives and Settlement Class Counsel fairly and adequately represent the interests of the Settlement Class Members in connection with the Settlement Agreement.

4. The Settlement Agreement is the product of good-faith, arm's-length negotiations by the Plaintiffs, Settlement Class Counsel, and Defendants and their counsel, and the representatives of the Plaintiffs and Defendants were represented by capable and experienced counsel. In addition, the Court finds that approval of the Agreement and the proposed Settlement embodied therein will result in substantial savings in time and resources to the Court and the litigants and will further the interests of justice. Further, the Court finds that the Agreement is the product of extensive litigation discovery and

motion practice that has effectively informed the litigants of the strengths and weaknesses of their respective litigation positions.

5. The form, content, and method of dissemination of the notice given to potential members of the Settlement Class, including both published notice and individual notice via direct mail to all potential members of the Settlement Classes who could be identified through reasonable effort, were adequate and reasonable and constituted the best notice practicable under the circumstances.

6. The Settlement Agreement is fair, reasonable, adequate, and in the best interests of the Class Members, and is approved in all respects, and the parties are directed to perform and satisfy the terms and conditions of the Settlement Agreement. The Court has evaluated the factors identified in *In re Jiffy Lube Securities Litigation*, 927 F.2d 155 (4th Cir. 1991) and determined the settlement was fair, reasonable, adequate, and in the best interests of the Class Members.

7. Settlement Class Members have been permitted to make claims for the benefits described in the Settlement Agreement, subject to the conditions and limitations stated herein.

8. The certification of the Settlement Classes, under Rules 23(b)(3) and 23(e), solely for settlement purposes, is hereby confirmed. The Court reaffirms its appointments of Settlement Class Counsel, Settlement Class Representatives, and the Settlement Administrator as set out in the Preliminary Approval Order.

9. The notice, as given, complied with the requirements of Rule 23, satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth therein.

10. Notice to appropriate officials has been made as required pursuant to 28 U.S.C. § 1715.

11. The notice process provided for a fair and reasonable process for those Class Members who do not wish to participate in the class settlement to exclude themselves (or "opt-out"). Zero persons have opted out of the class settlement.

12. After this Order and Judgment has become Final, and all periods for appeal or request for review have either expired or have been resolved (hereafter "the Final Judgment Date"), Defendants and the Released Entities (as that term is defined in the Settlement Agreement) shall be released from any and all actions, causes of actions, claims, demands that have been or could have been asserted in any form by Class Members, including but not limited to, claims based on statutory or regulatory violations, tort (excluding personal injury and wrongful death), contract, common law causes of action, and any claims for damages (including any compensatory damages, special damages, consequential damages, punitive damages, statutory fines or penalties, attorneys' fees, costs and any equitable relief), direct or indirect, whether or not currently unknown, arising out of, based upon or related in any way to the allegations set forth in the Class Action Complaint (ECF No. 1).

13. Upon the Final Judgment Date, all Settlement Class Members (whether or not they file a claim) shall be permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in, any lawsuit or other action in any jurisdiction based on the Released Claims.

14. The expenses of administering the Settlement Agreement shall be paid to the Settlement Administrator in the manner set forth in the Settlement Agreement and in the amount of $38,113.00. Defendants shall have no liability for any fees or costs incurred by the Settlement Administrator or Settlement Class Counsel except as specifically set out in the Settlement Agreement.

15. Incentive awards to the Settlement Class Representatives in the following amount $5,000 each to the filing Plaintiffs Cheyenne Shongo and Kennett Walker are reasonable and are approved. These monies will be paid from the Settlement Fund in the manner set forth in the Settlement Agreement.

16. Attorneys' fees, costs and expenses for Settlement Class Counsel in the following amount $550,000.00 in attorneys' fees and $40,789.39 in costs are reasonable and are approved. These monies will be paid from the Settlement Fund in the manner set forth in the Settlement Agreement.

17. Any dispute concerning the aggregate amount or allocation of Settlement Class Counsel's attorneys' fees and expense award shall be a separate and severable matter from all other matters in this Final Judgment and from the finality and fairness of the Agreement with the Settlement Class Members. Any appeal of the Settlement Class Counsel attorneys' fees and expense award shall be severed from this final judgment and shall not affect the finality of this judgment as to the settlement and release of the Settlement Class Members' claims against the Released Parties.

18. Each Class Member who has submitted a timely and complete Claim and Release Form to the Settlement Administrator shall be paid the amount determined by the Settlement Administrator to be awarded to that Class Member in accordance with the terms of the Settlement Agreement.

19. Additionally, thirty-seven (37) claims that were post-marked or filed online subsequent to July 18, 2024, but prior to the Final Approval Hearing on September 11, 2024, and validated by the Claims Administrator as claims entitled to the approved relief provided in the class, are finally approved as valid, timely claims for which payment will be made pursuant to the Settlement Agreement.

20. Without in any way affecting the finality of this Final Judgment, the Court hereby reserves its exclusive, general, and continuing jurisdiction over the parties to the Settlement Agreement, including Defendants, all Settlement Class Members, and the Released Entities, as needed or appropriate in order to administer, supervise, implement, interpret, or enforce the Settlement Agreement in accordance with its terms, including the investment, conservation, protection of settlement funds prior to distribution, and distribution of settlement funds.

21. This Order is a Final Judgment, and is in all respects a final, appealable order, and represents res judicata with respect to the Released Claims of the Settlement Class Members.

22. Except as expressly stated otherwise in this Order, the Preliminary Approval Order, or the Settlement Agreement, all costs shall be borne by the party incurring them.

IT IS SO ORDERED:

Date: 9/11/24

_____
Hon. Matthew J. Maddox